UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DEMETRO KARVETSKI, JR.,** | ) | CASE NUMBER: |
| **DEMETRO KARVETSKI, SR., and** | ) | |
| **VICTORIA D'AGOSTINO, Plaintiffs** | ) | COMPLAINT |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| **REINER, REINER & BENDETT, P.C. and** | ) | |
| **COUNTRYWIDE HOME LOANS, INC.** | ) | |
| **Defendants** | ) | JANUARY 11, 2007 |

## I. INTRODUCTION

1. This is a suit brought by three consumers against whom the defendants improperly attempted to collect amounts that were not owed on a mortgage debt and who improperly pursued a foreclosure action in order to collect that debt. This action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and also includes pendant state law claims for violations of Connecticut's Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq*.

## II. PARTIES

2. The plaintiff, Demetro Karvetski, Jr., is a natural person residing in Torrington, Connecticut.

3. The plaintiff, Demetro Karvetski, Sr., is a natural person residing in Torrington, Connecticut.

4. The plaintiff, Victoria D'Agostino, is a natural person residing in Brentwood, New York.

5. The defendant, Countrywide Home Loans, Inc. ("Countrywide"), is a California corporation that is engaged in the practice of mortgage lending in Connecticut.

6. The defendant, Reiner, Reiner & Bendett, P.C. ("RR&B"), is a law firm engaged in the practice of collecting debts in Connecticut.

## III.  JURISDICTION

7. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

8. This Court has jurisdiction over Countrywide because it engages in mortgage lending within Connecticut.

9. This Court has jurisdiction over RR&B because it engages in debt collection within Connecticut.

10. Venue in this Court is proper, as two of the Plaintiffs are residents and the acts complained of occurred in this state.

## IV.  FACTUAL ALLEGATIONS

11. In September 2004, Plaintiffs jointly secured a mortgage for real property located at 800 East Main Street, Torrington, Connecticut.

12. In April 2005, Countrywide obtained the mortgage for said real property.

13. In late January 2006, RR&B served Plaintiffs with an action to foreclose said property with allegations that the Plaintiffs had not made payment since June 1, 2005.

14. Plaintiff's secured a statement of accounts dated March 2005 through February 2006 from Countrywide showing that all payments for mortgage on said property for said time period were paid in a timely fashion.

15. Plaintiff D'Agostino called RR&B to alert Defendant that Plaintiffs were not in default on mortgage for said property.  RR&B replied that they did not care; the foreclosure

action had already begun.  RR&B stated that in order for Plaintiffs to avoid the foreclosure, they had to pay $11,228.77.

16. RR&B sent a demand letter dated February 9, 2006 for the same amount, which included a statement that 8 payments were never made by the Plaintiffs.

17. The next day, February 10, 2006, Plaintiffs sent a check for said amount overnight to RR&B.

18. On February 14, 2006, RR&B signed a withdrawal and release of lis pendens.

19. To date, neither Countrywide nor RR&B have admitted their mistake nor refunded the $11,228.77 to Plaintiffs.

## V.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.
### (RR&B ONLY)

20. Paragraphs 1-19 are herein incorporated.

21. RR&B violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e(2)(a) when misrepresenting the legal status of the debt as in default when it was not.

22. RR&B violated the FDCPA, 15 U.S.C. §1692g by overshadowing the thirty(30)-day right to verify notification when placing a return date on the complaint only twenty-six (26) days from the date the complaint was written.

23. RR&B violated the FDCPA, 15 U.S.C. §1692g(b) when attempting to collect a debt without sending verification of the debt after being alerted to a dispute in writing.

24. For RR&B's violations of the Fair Debt Collection Practices Act as described above, the Plaintiffs are entitled to recover their actual damages (including emotional distress), statutory damages of $1,000.00 each, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## SECOND CAUSE OF ACTION
**Violations of Conn. Gen. Stat. §§ 42-110a <u>et seq.</u>**

25. Paragraphs 1-24 are herein incorporated.

26. Countrywide violated Connecticut's Unfair Trade Practices Act ("CUTPA") in its attempt to collect the debt as described above.

27. Countrywide's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous and such as to cause substantial injury to Plaintiffs.

28. The Plaintiffs have sustained an ascertainable loss as a result of Countrywide's acts. Specifically, Plaintiff's paid $11,228.77 to RR&B on behalf of Countrywide for a debt that was not owed.

29. Plaintiffs also sustained emotional distress as described above as a result of Countrywide's collection actions.

30. Countrywide is liable to Plaintiffs for these losses as well as, in the discretion of the Court, punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiffs seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. § 42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; costs and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

PLAINTIFFS,

By: /s/ Daniel S. Blinn
Daniel S. Blinn, ct02128
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457

5